# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| STACY IVEY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> THE PRUDENTIAL INSURANCE § <br> COMPANY OF AMERCIA, § <br> § <br> Defendant. § | Civil Action No. _____ |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

**COMES NOW**, Plaintiff Stacy Ivey, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long-term disability benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA").

## JURISDICTION AND VENUE

1. This Court's jurisdiction over the Plaintiff's claims for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 5-2(e)).

1

2. Plaintiff's claims "relate to" an "employee welfare benefits plan" or "plans" as defined by ERISA, 29 U.S.C. § 1001 *et seq.*, and the subject disability benefit plans constitutes a "plan under ERISA."

3. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2569.503-1 provide a mechanism for administrative or internal appeal of benefits denials.

4. In this case, the aforementioned avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

5. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

6. Plaintiff, Stacy Ivey (hereinafter "Plaintiff"), was at all relevant times, a resident of the City of Soddy Daisy, County of Hamilton, State of Tennessee.

7. Plaintiff alleges upon information and belief that Catholic Health Initiatives Long Term Disability Plan (hereinafter "Plan") is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.

8. The Plan provides eligible employees with disability income protection as defined by the Plan.

9. Plaintiff alleges upon information and belief that Catholic Health Initiatives is the Plan Sponsor and Plan Administrator of the long-term disability Plan.

10. Catholic Health Initiatives and/or the Plan additionally maintained or contained other benefits and/or component plans under which Plaintiff may be entitled to benefits if found disabled under the long-term disability Plan.

11. The Prudential Insurance Company of America (hereinafter "Prudential") is the party obligated to pay benefits and to determine eligibility for benefits under the Plan.

12. Prudential is the underwriter for Group Policy Number GD-49038-CO.

13. Prudential is an insurance company authorized to transact the business of insurance in this State, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131, and at its headquarters located at 751 Broad Street, Newark, New Jersey 07102.

## FACTS

14. Defendant Prudential was the entity responsible for processing claims and adjudicating appeals regarding long-term disability benefits under the Plan.

15. The long-term disability Plan is fully insured by Prudential under Group Policy Number GD-49038-CO.

16. The Plaintiff timely filed an application for benefits under the Plan, was subsequently denied benefits, Plaintiff timely appealed, and Prudential issued its final denial on March 19, 2020.

17. The Plaintiff was employed as a receptionist by CHI Memorial Mountain Management since 2006 at its location in the City of Soddy Daisy, County of Hamilton, State of Tennessee, and as such, Plaintiff was thereby a participant or beneficiary of the Plan, and is covered by the policy that provides benefits under the Plan.

18. The Plaintiff ceased work on or about September 10, 2018, due to a disability while covered under the Plan.

19. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

20. In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff appealed the claim until exhausting the required plan appeals.

21. Having submitted her appeal, and as confirmed by Prudential, Plaintiff exhausted her administrative remedies.

22. Based on the terms of the insurance policy, Plaintiff's complaint is timely and is not otherwise time barred.

23. Plaintiff is entitled to long term disability benefits as she has met the long-term disability Plan's requirements, and her disability continues to prevent her from performing the material and substantial duties of her regular occupation and from performing the duties of any gainful occupation for which she is reasonably fitted by education, training or experience.

24. If disabled pursuant to the terms of the policy, Plaintiff, who was paid no disability and is entitled to a monthly gross long-term disability benefit of $1,243.66 for two years of own-occupation benefits from March 9, 2019 to March 9, 2021, such that she is entitled to $24,299.07 in back benefits, $6,049.25 in future benefits (using 3.00% to discount to net present value) with no overpayment owed, for a total long-term disability benefit of $30,348.32.

25. Alternatively, if disabled pursuant to the terms of the policy, Plaintiff, who was paid no disability and is entitled to a monthly gross long-term disability benefit of $1,243.66 offset by a Social Security disability benefit of $1,248.40 (Plaintiff's Social Security disability case is still pending) for a minimum monthly long-term disability benefit of $124.00 from March 9, 2019 to February 15, 2037, such that she is entitled to $2,418.43 in back benefits, $19,205.27 in future benefits (using 3.00% to discount to net present value) with no overpayment owed, for a total long-term disability

benefit of $21,623.69.

26. Evidence submitted by Plaintiff to Prudential supporting her disability includes, *inter alia*, the following: medical records and/or medical opinions from David Lowry, M.D., Donald Hakes, PA, Erin Martin, NP, John Dorizas, M.D., and James Jolley, M.D., detailing the Plaintiff suffers from bulging of cervical intervertebral disc, cervicalgia, chronic neck pain, diabetes type 2, occipital headaches, hyperkalemia, insomnia, neural foraminal stenosis of cervical spine, suprascapular neuropathy, anxiety, depression, with an MRI demonstrating broad-based disc protrusions with mass effect on thecal sac at C5-6 and C6-7, and an EMG indicating polyphasia or alteration in the pattern and timing of the recruitment of spinal motor neurons, all of which cause chronic pain, fatigue and diminished concentration and memory, which, in turn, requires Plaintiff to take frequent and unpredictable rest breaks, causes chronic absenteeism during any work environment, and causes her to be off-task more than ten percent (10%) of any given workday.

27. Prudential relied on medical consultants for file reviews during the administrative appeal of Plaintiff's disability claim and said consultants opined, *inter alia*, that Plaintiff had minor impairments which had no

meaningful impact on her functionality without addressing her work reliability, consistency, substantial capacity and steady attendance.

28. Prudential relied on file-reviewing medical consultants Dr. Goldman and Dr. Parrillo to deny Plaintiff's claim for benefits.

29. Dr. Goldman said, *inter alia*, there were no data to support vegetative signs, dangerousness, or gross dysregulation of affect. The absence of extreme findings or symptoms are worthless in determining whether Plaintiff is disabled. Instead, employers are concerned with reliability, consistency, substantial capacity, psychological stability, and steady attendance. *Rhines v. Harris*, 634 F.2d 1076, 1079 (8th Cir. 1980); *Tippitt v. Reliance Std. Life Ins. Co.*, 457 F.3d 1227, 1236 (11th Cir. 2006); *McIntyre-Handy v. APAC Customer Services, Inc.*, 2005 WL 5369158, *6 (E.D. Va. 2005); *Tyndall v. Nat'l Educ. Centers, Inc. of California*, 31 F.3d 209, 213 (4th Cir. 1994). Additionally, as of 2015, there were 16 federal court decisions from around the country involving claim denials based at least in part of Dr. Goldman's opinions. In each of these cases the court reversed the denial of benefits decisions. Additionally, Dr. Goldman was criticized by the 6th Circuit Court of Appeals, which noted his file review opinion was "factually and analytically problematic" because it overlooked evidence and made

7

unsupported opinions. *Javery v. Lucent Techs., Inc. Long Term Disability Plan for Mgmt. or LBA Employees*, 741 F.3d 686, 702 (6th Cir. 2014).

30. With respect to Dr. Parrillo, he indicated that "the claimant's self-reported functional incapacity is not consistent with the objective evidence contained in the record." In other words, Plaintiff's subjective complaints of pain, fatigue and diminished concentration and memory were ignored. This is improper because employers are concerned with reliability, consistency, substantial capacity, psychological stability, and steady attendance. Dr. Parrillo provides no analysis on these issues and has no ability to address Plaintiff's credibility because he is only a file-reviewing physician. For example, the 7th Circuit has observed that "[f]or most illnesses or injuries, the disabling aspect is not the disease itself, but the pain, weakness, or fatigue caused by that illness or injury. Even diseases that are extremely likely to cause an inability to work, such as stage IV cancer or advanced heart disease, are disabling because of the pain, weakness or fatigue." See *Weitzenkamp v. Unum Life Ins. Co. of Am.*, 661 F.3d 323, 330 (7th Cir. 2011). Additionally, although Prudential does limit pay periods for sickness or injuries which are primarily based on self-reported symptoms there is no question Plaintiff has a broad-based disc protrusion at C5-C6 and C6-C7

with findings on electrodiagnostic testing shows an underlying chronic cervical radiculopathy at C6-C7.

31. The Plaintiff has now exhausted her required administrative remedies for her long-term disability benefits under the Plan pursuant to ERISA or such administrative remedies are deemed exhausted and/or her long-term disability benefits are deemed denied.

32. The Court's standard of review for the ERISA claims is *de novo* under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

33. The entity that chose to deny long term disability benefits would pay any such benefits due out of its own funds.

34. Defendant Prudential was a claims decision-maker under a perpetual conflict of interest because the long-term disability benefits would have been paid out of its own funds.

35. Defendant Prudential allowed its concern over its own funds to influence its decision-making.

36. Defendant has acted under a policy to take advantage of the potential applicability of ERISA to claims.

37. Prudential's administrative process did not provide Plaintiff with a full and fair review; by way of example, Prudential's denial letters did not contain

the specific reasons for the denial and did not advise Plaintiff of the information Prudential required in order to approve her continuing benefits.

38. The disability insurance policy does *not* provide Prudential with discretionary authority.

39. At all times relative hereto, Prudential has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Plaintiff are paid from Prudential's own assets with each payment depleting those same assets.

40. As the party obligated to pay benefits and the administrator given discretion in construing and applying the provisions of the disability plan and assessing Plaintiff's entitlement to benefits, Prudential is an ERISA fiduciary.

41. Under ERISA, a fiduciary must carry out its duties with respect to the plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

42. Prudential failed to satisfy its duties under ERISA as specified in paragraph 41 of this complaint.

43. Under ERISA, a fiduciary should fully investigate the relevant and applicable facts of any claim.

44. Prudential failed to satisfy its duties under ERISA as specified in paragraph 43 of this complaint.

45. Under ERISA, a fiduciary should fairly consider all information obtained regarding a claim, including that which tends to favor claim payment or continuation as well as that which tends to favor claim declination or termination.

46. Prudential failed to satisfy its duties under ERISA as specified in paragraph 45 of this complaint.

47. Under ERISA, a fiduciary should consider the interests of its insured at least equal to its own and to resolve undeterminable issues in its insured's favor.

48. Prudential failed to satisfy its duties under ERISA as specified in paragraph 47 of this complaint.

49. Under ERISA, a fiduciary has the obligation to read, interpret and understand all of the pertinent medical information with sufficient clarity so as to be able to make a fair, objective and thorough evaluation of its insured's claims for disability benefits.

50. Prudential failed to satisfy its duties under ERISA as specified in paragraph 49 of this complaint.

51. Under ERISA, a fiduciary's denial of a claim should not be based on speculation.

52. Prudential failed to satisfy its duties under ERISA as specified in paragraph 51 of this complaint.

53. Under ERISA, a fiduciary should be objective in its assessment of facts and not attempt to bias the claims investigation process in any manner.

54. Prudential failed to satisfy its duties under ERISA as specified in paragraph 53 of this complaint.

55. Under ERISA, a fiduciary should not take into consideration the amount of money it would save if a particular claim or set of claims is denied, terminated, or otherwise not paid.

56. Prudential failed to satisfy its duties under ERISA as specified in paragraph 55 of this complaint.

57. Under ERISA, a fiduciary should refrain from excessive reliance on in-house medical staff to support the denial, termination, or reduction of benefits.

58. Prudential failed to satisfy its duties under ERISA as specified in paragraph 57 of this complaint.

59. Under ERISA, a fiduciary should not conduct unfair evaluation and interpretation of attending physicians' or independent medical examiners' reports.

60. Prudential failed to satisfy its duties under ERISA as specified in paragraph 59 of this complaint.

61. Under ERISA, a fiduciary should evaluate the totality of its insured's medical conditions.

62. Prudential failed to satisfy its duties under ERISA as specified in paragraph 61 of this complaint.

63. Under ERISA, a fiduciary has an obligation to conduct a fair, thorough, and objective review.

64. Prudential failed to satisfy its duties under ERISA as specified in paragraph 63 of this complaint.

## CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
## PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

**PLAINTIFF** incorporates all the allegations contained in paragraphs 1 through 64 as if fully stated herein and says further that:

65. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined in the Plan.

66. Plaintiff is disabled under the terms of the Plan.

67. Defendant failed to provide benefits due under the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

68. The decision to deny benefits was wrong under the terms of the Plan.

69. The decision to deny benefits and decision-making process were arbitrary and capricious.

70. The decision to deny benefits was not supported by substantial evidence in the record.

71. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claims, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

72. The appellate procedures did not provide the Plaintiff a full and fair review.

73. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

74. The Defendant violated the fiduciary duties owed to the Plaintiff.

75. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to

which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

76. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff against Defendant;
2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);
3. Prejudgment and postjudgment interest;
4. An Order requiring Defendant to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;
5. An Order requiring the Defendant and/or Plan to provide Plaintiff with any other benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this Court deems just and proper.

Dated this 15th day of October, 2020.

Respectfully submitted,

BY: */s/D. Seth Holliday*
D. SETH HOLLIDAY
**MCMAHAN LAW FIRM, LLC**
700 S. Thornton Avenue
P.O. Box 1607
Dalton, Georgia 30722
(706) 217-6118
sholliday@mcmahanfirm.com

*Attorneys for Plaintiff*